IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**OSCAR WHITFIELD and**
**NORMA WHITFIELD**                                                                               **PLAINTIFFS**

**VS.**                                          **4:17-CV-000017-BRW**

**LUMBER LIQUIDATORS, INC. and**
**LARRY PARKER**                                                                                  **DEFENDANTS**

### ORDER

Pending is Plaintiffs' Motion to Remand to State Court (Doc. No. 10). Defendants have responded and Plaintiffs have replied. For the reasons set out below, the Motion is GRANTED.[1]

### I.   BACKGROUND

Defendants removed this case based on jurisdiction under the Class Action Fairness Act ("CAFA"). Plaintiffs argue that "this case is not, and never has been, pled as a class action lawsuit."[2] However, the Complaint repeatedly noted that "Plaintiff [sic] and the other Class members would not have purchased these products"[3] and mentioned "Plaintiffs and members of the National and Arkansas Class."[4] Plaintiffs asserted that these references to "class" were typographical errors.[5] Based on this assertion, I allowed Plaintiffs to file an amended complaint to remove the references to class, which they did on February 1, 2017.[6]

---

[1] Doc. Nos. 18, 22.

[2] Doc. No. 10.

[3] Doc. No. 5, at ¶ 52.

[4] *Id.* at ¶¶ 75, 79, 81, 82, 83, 84,

[5] Doc. No. 10.

[6] Doc. No. 16.

1

## II.   DISCUSSION

Plaintiffs contends that this case must be remanded because Defendant failed to timely remove the case. Under 28 U.S.C. § 1332 a case must be removed within 30 days after the complaint is served.[7] If case was not removable based on the initial pleading, a defendant has 30 days from the date of receipt of the "amended pleading, motion, order, or other paper from which it may first be ascertained that the case" is removable.[8] "[I]n the CAFA context, the thirty-day removal period set forth in § 1446(b)(3) does not begin to run until the defendant receives from the plaintiff an amended pleading, motion, order, or other paper 'from which the defendant can unambiguously ascertain' that the CAFA jurisdictional requirements have been satisfied."[9]

This case was filed on October 6, 2016. In a pending motion to dismiss, Defendants assert that the summons was defectively served on October 11, 2016. However, Plaintiffs (who dispute Defendants' defective service claim) served Defendants again on December 12, 2016.[10] According to Defendants, it first became clear that Plaintiffs were making class action claims when Plaintiffs filed their opposition to Defendant's Motion to Dismiss on December 13, 2016.

Though the issue of timeliness is in dispute, I do not have to resolve it. I am convinced beyond peradventure that the references to classes in the original complaint were inadvertent errors, and that the amended complaint was necessary to correct the errors. Importantly, the amended complaint was not an attempt avoid federal jurisdiction. It is obvious that Plaintiffs

---

[7]28 U.S.C. § 1446(b)(1).

[8]28 U.S.C. § 1446(b)(3).

[9]*Gibson v. Clean Harbors Environmental Services, Inc.*, 840 F.3d 515, 520 (8th Cir. 2016) (quoting *Graiser v. Visionworks of Am., Inc.*, 819 F.3d 277, 285 (6th Cir. 2016)).

[10]Doc. No. 1.

lifted their complaint (notably, Defendants allege this in their brief supporting the motion to dismiss) from another case. In fact, it appears that it was cut and pasted from a similar case the same lawyers filed in this district where they were requesting a class.[11] I recognize that the "general rule" is that jurisdiction is determined at the time of removal and that post-removal amendments to the complaint that defeat jurisdiction should not be permitted.[12] However, this general rule is intended to prevent parties from manipulating the system; that's not the case here.

Here, Plaintiffs played fast and loose with the complaint and, arguably, their opposition to Defendants' motion to dismiss. Though Plaintiffs' actions have caused confusion, they are not strapped to a class action complaint that they never intended to pursue. In fact, it was Defendants who first started referring to Plaintiffs as "Class Plaintiffs," and that was in their second motion to dismiss, which was filed the same day Defendants filed the notice of removal. So, the first time Plaintiffs may have been aware that Defendants believed there were class claims was when it was raised in Defendants' motion, immediately before removing the case to federal court.

Defendants point out that the amended complaint still contains references to products that Plaintiffs did not purchase. However, that does not make it a class action complaint.

Since this is not a CAFA case, two issues prevent federal jurisdiction -- the amount in controversy and complete diversity. Plaintiffs' Amended Complaint alleges that they "paid $1,758.43 for the flooring and related installation supplies, and $1,000.00 for installation of the

---

[11]See *Roberts, et al. v. Lumber Liquidators, et al.*, No. 4:15-CV-00292-KGB (E.D. Ark. 2015).

[12]*Tuohey v. Chenal Healthercare, LLC*, No. 4:15-CV-00506-JLH, 2016 WL 6871351, at *1 (Feb. 3. 2016).

flooring."[13]  Plaintiffs also claim that they have been unable to rent their home.  Considering the facts of this case, I find to a legal certainty that Plaintiffs' claims do not satisfy the amount-in-controversy requirement of subject matter jurisdiction.[14]

Additionally, there is not complete diversity between the parties.  I realize Defendant's have a pending motion to dismiss the non-diverse Defendant, but even if this motion were granted, the amount in controversy requirement is still not met.

## CONCLUSION

Based on the findings of fact and conclusions of law above, Plaintiff's Motion to Remand to State Court (Doc. No. 10) is GRANTED.  Accordingly the Clerk of the Court is directed to immediately remand this case to the Circuit Court of Pulaski County, Arkansas, Second Division.

To the extent that Plaintiffs' Notice of Supplemental Affidavit Regarding Attorneys' Fees (Doc. No. 21) is a motion for attorneys' fees, the motion is DENIED.

IT IS SO ORDERED this 10th day of February, 2017.

/s/ Billy Roy Wilson  
UNITED STATES DISTRICT JUDGE

---

[13]*Id.*

[14]*Larkin v. Brown*, 41 F.3d 387, 388 (8th Cir. 1994).